IN THE UNITED STATES DISTRICT COURT
FOR THE DISIRICT OF COLUMBIA

| | |
|---|---|
| VICTOR STROILOV,<br>26 Prothero Gardens,<br>London, NW4 3SL, UK<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS & BORDER PROTECTION,<br>1300 Pennsylvania Avenue NW,<br>Washington, D.C. 20229,<br><br>U.S. DEPARTMENT OF STATE,<br>2201 C Street NW,<br>Washington, D.C., 20520<br><br>Defendants. | C/A No.  1:25-cv-2535<br><br>Freedom of Information Act |

**INTRODUCTION**

1. Plaintiff, Victor Stroilov, seeks an order to compel the release of records requested pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552.

2. On March 27, 2025, Mr. Stroilov electronically submitted separate FOIA requests to each Defendant: one to U.S. Customs and Border Protection ("CBP") and another to the U.S. Department of State.

3. CBP assigned case number **CBP-FO-2025-093687** to Mr. Stroilov's FOIA request, and the Department of State assigned tracking number **F-2025-13573** to his request.

4. Defendants have failed to timely respond within the statutorily prescribed time thirty-day period. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(B).

1

5.      Mr. Stroilov thus seeks an order from this Court to enjoin Defendants from withholding agency records and to compel the immediate production of agency records pertaining to the FOIA requests.

## PARTIES

6.      Plaintiff Mr. Victor Stroilov is a citizen and national of Russia. Mr. Stroilov is also a British citizen and resides in London, United Kingdom.

7.      Defendant Customs and Border Protection is a component of the Department of Homeland Security. CBP is primarily charged with keeping terrorists and their weapons out of the U.S. while facilitating lawful international travel and trade. CBP maintains a FOIA office in Washington, D.C.

8.      Defendant U.S. Department of State is a cabinet-level agency responsible for managing the foreign affairs of the United States. Its functions include representing the United States abroad, issuing passports and visas, and maintaining diplomatic and consular records. The Department of State maintains a FOIA office in Washington, D.C.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants under FOIA, 5 U.S.C. §§ 552(a)(4)(B), 552(a)(6)(E)(iii).

10.     The Court also has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) because the agency records at issue remain in control of the defendants with FOIA offices within the District of Columbia. Further, the statute authorizes filing a civil action in this Court.

## STATUTORY FRAMEWORK

12. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

13. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents. 5 U.S.C. § 552(a)(6)(A).

14. An agency must comply with a FOIA request by issuing a determination within **twenty business days after receipt of the request**. 5 U.S.C. § 552(a)(6)(A)(i) (emphasis added).

15. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

16. An agency may be entitled to **one ten-day extension** of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B) (emphasis added).

17. An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

18. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

19. An agency's failure to comply with FOIA's timing requirements constitutes a constructive denial and satisfies the requester's requirement to exhaust administrative remedies.

5 U.S.C. § 552(a)(6)(C)(i).

20. A Court may impose injunctive and declaratory relief for a violation of FOIA, including the failure to timely produce and respond a request for records. 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

21. On March 27, 2025, Mr. Stroilov electronically submitted FOIA requests with CBP and the Department of State.

22. The CBP Request sought records relating to all material pertaining to Mr. Stroilov's prior refusals, inadmissibility findings, and withdrawal of application for admission in lieu of expedited removal.

23. CBP assigned Mr. Stroilov a request number **CBP-FO-2025-093687**.

24. As of August 4, 2025, Mr. Stroilov's CBP Request Status remains under "Initial Determination."

25. Mr. Stroilov has not received any further information from CBP's FOIA office.

26. The thirty-day statutory deadline for a response of the CBP FOIA request passed on April 26, 2025.

27. Mr. Stroilov's FOIA request to the U.S. Department of State sought all records referencing his name, including, but not limited to, his DS-160 visa applications and any consular documents reflecting potential findings of inadmissibility or ineligibility.

28. The Department of State acknowledged receipt of his on March 28, 2025 and assigned Mr. Stroilov a request number **F-2025-13573**.

29. As of August 4, 2025, Mr. Stroilov has not received any further information from the Department of State's FOIA office.

30. The thirty-day statutory deadline for a response of the Department of State FOIA request passed on April 26, 2025.

31. Defendants have constructively denied the requests by failing to provide any substantive responses within the statutory timeframe, and Mr. Stroilov has exhausted all available administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CAUSE OF ACTION
### (Failure to Respond to Request Within Statutory Timeframe)

32. Plaintiff re-alleges and incorporates the information from the paragraphs above herein.

33. On March 27, 2025, Mr. Stroilov electronically submitted FOIA requests to both U.S. Customs and Border Protection and the U.S. Department of State.

34. Defendants have failed to respond to the request within the statutorily mandated timeframe in violation of Mr. Stroilov's rights under FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(B).

35. Defendants' violations are capable of redress.

36. The Court should compel the Defendants to produce the records pertaining to Mr. Stroilov.

## SECOND CAUSE OF ACTION
### (Failure to Produce Responsive Records)

37. Plaintiff re-alleges and incorporates the information from the paragraphs above herein.

38. Defendants failed to make reasonable efforts to search for records responsive to the Request, in violation of Mr. Stroilov's rights under FOIA. *See* 5 U.S.C. § 552(a)(3).

39. To date, Defendants have failed to disclose and produce any records responsive to

the Requests, in violation of Mr. Stroilov's rights to those records under FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

40. Defendant U.S. Department of State procedurally confirmed receipt of the FOIA request on March 28, 2025, the day after Mr. Stroilov submitted the request.

41. Defendant failed to disclose and produce records responsive to each request without a legal basis for withholding such records. *See* 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

42. Mr. Stroilov is entitled to attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

B. Find that Defendants' failure timely to respond or disclose records pursuant to the FOIA was unlawful;

C. Order Defendants to search for and promptly disclose all records responsive to the Request within seven days of the Court's order;

D. Award the Plaintiff attorneys' fees and costs; and

E. Order any additional relief as the Court deems equitable and warranted.

August 4, 2025                                                          Respectfully Submitted,

/s/Kristina David
KRISTINA DAVID
DDC Bar ID. CA00192
DAVID STRASHNOY LAW, PC
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
818-646-7350
kristina@strashnoylaw.com
ATTORNEY FOR PLAINTIFF